```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION
                        No. 5:16-CR-152-1H
                        No. 5:19-CV-317-H
```

| | |
|---|---|
| QUINCY ANDRE JONES,                ) | |
|     Petitioner,                       ) | |
|                                       ) | |
|     v.                                ) | **ORDER** |
|                                       ) | |
| UNITED STATES OF AMERICA,          ) | |
|     Respondent.                       ) | |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #103]. The government filed a motion to dismiss, [DE #111], to which petitioner responded, [DE #121]. Petitioner has also filed a motion for free copies, [DE #94]. In a letter requesting a status update in his case, [DE #102], petitioner requests that the court consider his presentence investigation report ("PSR") in assessing the merits of his then-forthcoming § 2555 motion, and the court has considered his PSR herein.[1] The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On August 8, 2016, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess

---

[1] Petitioner has also filed a motion to appoint counsel and motion for compassionate release, [DE #117], with sealed documents in support, [DE #120], and a letter in support, [DE #124], as well as letters from family filed on his behalf, [DE #122 and #123]. Counsel filed a Notice of Appearance on 07/31/2020 and has not filed further. Therefore, his compassionate release motion is not yet ripe for adjudication.

with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count One) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).

Petitioner filed a motion to withdraw his guilty plea, [DE #37], to which the government filed a response consenting to petitioner's withdrawal of his guilty plea, noting that it would either go forward with trial on the same counts or seek a superseding indictment against petitioner [DE #39]. Petitioner's counsel withdrew with permission of the court, and new counsel was appointed. New counsel, after consultation with petitioner, filed a notice of withdrawal of petitioner's motion to withdraw his guilty plea, [DE #53]. Petitioner subsequently wrote a pro se letter to the court seeking to withdraw his guilty plea again, [DE #59]. This letter was addressed at the first sentencing hearing on June 13, 2017, at which time defendant affirmed he wished for the court to "disregard the letter." [DE #73 at 17-20]. Defendant's sentencing hearing was continued on the court's own motion on an unrelated sentencing issue. [DE #73 at 37-38].

On July 12, 2017, petitioner was sentenced to a total term of imprisonment of 262 months. Petitioner filed a notice of appeal contending his actual innocence claim fell outside the scope of the appeal waiver, [DE #83], and the Fourth Circuit Court of Appeals granted the government's motion to dismiss the appeal,

2

noting that petitioner "waived his claim of actual innocence by moving to withdraw his guilty plea in the district court and subsequently withdrawing that motion and reaffirming his desire to plead guilty and accept responsibility." United States v. Jones, No. 17-4462 (4th Cir. April 5, 2018), ECF No. 95 at 1-2 (citing United States v. Robinson, 744 F.3d 293, 298-300 (4th Cir. 2014)). [DE #95]. Petitioner filed a petition for rehearing en banc, which was denied. [DE #98]. Petitioner filed a petition for a writ of certiorari, which was denied by the Supreme Court of the United States on October 1, 2018. [DE #101].

Defendant timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on July 22, 2019, [DE #103]. The government has moved to dismiss, arguing plaintiff has failed to state a claim upon which relief may be granted.

## COURT'S DISCUSSION

**I. Standard of Review**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional

3

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**II. Analysis**

Petitioner alleges the following grounds of ineffective assistance of counsel: (1) that his counsel failed to object to the lack of a factual basis for the plea which affected the court's jurisdiction; (2) that his appellate counsel failed to raise this same issue on appeal; and (3) that defense counsel did not object to entry of judgment based on insufficient evidence. Essentially, all three claims assert that counsel was ineffective for not

4

objecting to the court accepting petitioner's plea and entering judgment because petitioner asserts he is actually innocent.

Petitioner's § 2255 motion fails because petitioner pleaded guilty pursuant to a written plea agreement and in doing so admitted the essential elements of the offenses. Petitioner abandoned his claims when during the plea colloquy the magistrate judge informed him of the nature of the charges and maximum penalties and thereafter, he voluntarily provided sworn statements admitting each element of his guilty pleas to Counts One and Two of the indictment at the Rule 11 proceeding. Additionally, the prosecutor provided a factual basis for the plea. Moreover, when petitioner was given an opportunity at sentencing to withdraw his guilty plea, he repeatedly affirmed his plea. As such, Petitioner's "'[s]olemn declarations in open court carry a strong presumption of verity.'" Rowsey v. United States, 71 F. Supp. 3d 585, 598–99 (E.D. Va. 2014) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Further, since the Court "must be able to rely on [a petitioner's] statements made under oath during a properly conducted Rule 11 plea colloquy," the court should regard Petitioner's § 2255 claims that contradict his plea colloquy as "patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 220- 23 (4th Cir.2005) (holding in the context of a challenge to the voluntariness of a guilty plea during a Rule 11 colloquy,

5

later reaffirmed under oath at sentencing, that a district court may rely on a defendant's sworn statements and that the movant's contrary allegations in a § 2255 motion were "palpably incredible and patently frivolous or false.").

Further, at the sentencing hearing, this court specifically asked petitioner about his request to withdraw his guilty plea based on petitioner's April 12, 2017 letter. Instead of withdrawing his guilty plea, petitioner explicitly abandoned the issue. As such, petitioner has waived the claim because "'[a] party who identifies an issue, and then explicitly withdraws it, has waived the issue.'" United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014)(quoting United States v. Rodriquez, 311 F.3d 435, 437 (1st Cir. 2002)).

As noted above, the Fourth Circuit addressed this exact issue in petitioner's appeal, finding that petitioner "waived his claim of actual innocence by moving to withdraw his guilty plea in the district court and subsequently withdrawing that motion and reaffirming his desire to plead guilty and accept responsibility." United States v. Jones, No. 17-4462 (4th Cir. April 5, 2018), ECF No. 95 at 1-2 (citing United States v. Robinson, 744 F.3d 293, 298-300 (4th Cir. 2014)). While his current claims are couched under the guise of ineffective assistance, at root they are the same. Because Petitioner waived the issue, he cannot now state a

6

Case 5:16-cr-00152-H   Document 125   Filed 01/27/21   Page 6 of 8

claim that his counsels did not provide effective assistance of counsel by not raising an abandoned issue. Therefore, he has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE #111] is GRANTED, and petitioner's motion to vacate [DE #103] is DISMISSED. Petitioner's motion for free copies [DE #94] is terminated as moot. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 25th day Of January 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26