IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-152-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| QUINCY ANDRE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

On June 15, 2025, Quincy Andre Jones ("Jones" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 171]. On March 2, 2026, the United States responded in opposition to Jones's motion [D.E. 176]. On March 6, 2026, Jones replied and filed exhibits in support of the motion for compassionate release [D.E. 177]. On the same day, the court denied Jones's motion for compassionate release [D.E. 179]. On March 9, 2026, Jones moved for reconsideration [D.E. 180]. As explained below, the court grants Jones's motion for reconsideration, reconsiders Jones's motion under the governing standard, and denies Jones's motion for compassionate release.

I.

On August 8, 2016, with a written plea agreement, Jones pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of heroin (count one) and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 22, 25]. On June 13, 2017, the court held Jones's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 32]; [D.E. 73]. The court continued sentencing to allow for additional briefing on objections and held

a second sentencing hearing on July 12, 2017. See [D.E. 89]. The court calculated Jones's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See id. at 3–46. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 202 months' imprisonment on count one and 60 months' consecutive imprisonment on count two for a total of 262 months' imprisonment. See id. at 50; [D.E. 86]. On July 17, 2017, Jones appealed. See [D.E. 83]. On April 5, 2018, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Jones's plea agreement and dismissed the appeal. See United States v. Jones, No. 17-4462, 2018 WL 11395452 (4th Cir. Apr. 5, 2018) (per curiam) (unpublished). On October 1, 2018, the Supreme Court denied Jones's petition for a writ of certiorari. See [D.E. 101].

On July 22, 2019, Jones moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 103]. On April 16, 2020, the United States moved to dismiss. See [D.E. 111, 112]. On July 7, 2020, Jones moved for compassionate release. See [D.E. 117]. On January 27, 2021, the court dismissed Jones's section 2255 motion and denied a certificate of appealability. See [D.E. 125]. On February 17, 2021, Jones appealed. See [D.E. 127]. On April 5, 2021, the case was reassigned to the undersigned. On May 28, 2021, the Fourth Circuit dismissed Jones's appeal. See United States v. Jones, 848 F. App'x 612 (4th Cir. 2021) (mem.). On November 22, 2021, the court denied Jones's motion for compassionate release. See [D.E. 136].

On April 22, 2022, Jones moved again for compassionate release. See [D.E. 137, 140]. On February 7, 2023, the court denied Jones's motion for compassionate release. See [D.E. 151]. On February 9, 2023, Jones appealed. See [D.E. 152]. On May 26, 2023, the Fourth Circuit affirmed the court's denial of Jones's motion for compassionate release. See United States v. Jones, No. 23-6123, 2023 WL 3676778, at *1 (4th Cir. May 26, 2023) (per curiam) (unpublished).

On July 13, 2023, Jones moved again for compassionate release. See [D.E. 164]. On October 13, 2023, Jones withdrew the motion. See [D.E. 168].

On July 15, 2025, Jones moved again for compassionate release. See [D.E. 171]. On March 2, 2026, the United States responded in opposition. See [D.E. 176]. On March 6, 2026, Jones replied and filed exhibits in support of his motion. See [D.E. 177]. On the same day, the court denied Jones's motion for compassionate release. See [D.E. 179]. On March 9, 2026, Jones moved for reconsideration of the denial of his latest motion for compassionate release. See [D.E. 180].

## II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the

defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

III.

Jones asks the court to reduce his 262-month sentence to time served. See [D.E. 180] 2; [D.E. 177] 16; [D.E. 171] 1–3. Jones suffers from end-stage renal failure and argues that end-stage renal failure is a terminal illness under U.S.S.G. § 1B1.13(b)(1)(A). See [D.E. 177] 5–7. Jones also argues that there is a gross disparity between his 262-month sentence and the sentence that would be imposed if the court sentenced him today. See id. at 7–9. In support, and despite his guilty plea, he argues that he is actually innocent of violating 18 U.S.C. § 924(c). See id. at 8. He also argues that subsequent Fourth Circuit caselaw makes a conviction under 21 U.S.C. § 846 an improper predicate for a career-offender enhancement. See id. at 8–9.

As for Jones's argument about his medical circumstances, an extraordinary and compelling reason exists if the "defendant is suffering from a terminal illness (i.e., a serious and advanced

illness with an end-of-life trajectory)." U.S.S.G. § 1B1.13(b)(1)(A). "While end-stage organ disease can be a terminal illness, nothing in the Commission's policy statement indicates that it should be regarded as one in every instance." United States v. Holley, 179 F.4th 985, 990 (4th Cir. 2026); see Gall v. United States, 552 U.S. 38, 51–53 (2007). Because "[m]any life-threatening, incurable conditions can thankfully be managed with proper care," the fact that a given disease "is irreversible and fatal without treatment does not suffice on its own" to demonstrate that the disease is a terminal illness. Holley, 179 F.4th at 990. Instead, the defendant must "establish that his disease is progressing despite treatment and is expected to continue progressing to the point of causing death." Id. "If treatment is effective in stabilizing the disease, then a district court could reasonably find that it does not currently have an end-of-life trajectory." Id.

Jones fails to demonstrate that his end-stage renal failure is a terminal illness under section 1B1.13(b)(1)(A). Jones's medical records demonstrate that he receives dialysis three times per week. See, e.g., [D.E. 177-7] 1634–36; [D.E. 171] 3. Jones does not cite any evidence in his medical records that he is not responding to treatment or that he is not receiving effective treatment at FMC Butner. Cf. [D.E. 177-7]. Instead, Jones cites his estimated glomerular filtration rate (eGFR), which has been in the range of four to six mL/min for the last two years, and argues that end-stage renal failure "is a terminal illness with a glomerular filtration rate of less than [15] mL/min." [D.E. 177] 7. But the source that Jones cites for this proposition states only that a patient's chronic kidney disease is classified into different stages based on the patient's glomerular filtration rate, with a rate below 15 mL/min classified as end-stage renal failure. See Preeti Rout & Ahsan Aslam, End-Stage Renal Disease, Nat'l Libr. of Med. (last updated June 22, 2025), https://www.ncbi.nlm.nih.gov/books/NBK499861/. Thus, Jones's eGFR rates demonstrate only that Jones suffers from end-stage renal failure and do not establish that Jones's end-stage renal

failure is a terminal illness. See Holley, 179 F.4th at 990. Likewise, Jones's reliance on probabilities does not meet his burden of demonstrating the end-stage renal failure is a terminal illness because "[t]here is considerable variation in how patients respond to dialysis and what their overall health prognosis indicates." Id.; see also id. (explaining that the district court "was . . . justified" when it focused on specific medical records "rather than statistical probabilities about a broader patient population"). Thus, the court rejects Jones's argument that his end-stage renal failure is an extraordinary and compelling reason for compassionate release.

As for Jones's argument that he is actually innocent of his section 924(c) conviction, Jones's actual innocence claim is a collateral attack on his conviction and cannot be raised through a compassionate release motion. See Fernandez, 146 S. Ct. at 1300–07; cf. [D.E. 177] 8 ("Jones should never have been convicted of a violation of [section] 924(c), as the substance he sold was not a controlled substance of any kind."). "Challenging the validity of a conviction through a compassionate release motion circumvents the exacting requirements of [28 U.S.C.] § 2255." Fernandez, 146 S. Ct. at 1301. Jones already "brought—and lost—a challenge to his conviction under [section] 2255." Id. at 1300; see Jones, 848 F. App'x at 612.[1] Thus, Jones's actual innocence claim is not an extraordinary and compelling reason for compassionate release.

As for Jones's argument about his status as a career offender, Jones argues that his advisory guideline range would be 130 to 147 months' imprisonment without the career-offender enhancement if the court sentenced him today. In support, he cites United States v. Norman, 935

---

[1] Jones brought and lost his actual innocence claim on direct appeal. See [D.E. 177-2]; Jones, 2018 WL 11395452, at *1 (holding that "Jones waived his claim of actual innocence by moving to withdraw his guilty plea in the district court and subsequently withdrawing that motion and reaffirming his desire to plead guilty and accept responsibility"). Although it is an open question "whether a prisoner may assert a freestanding actual innocence claim under [section] 2255," the Supreme Court held in Fernandez that "a compassionate release motion is not a vehicle for raising such a claim." 146 S. Ct. at 1306. Thus, Jones's actual innocence claim fails.

F.3d 232, 236–42 (4th Cir. 2019), holding that a drug-trafficking conspiracy under 21 U.S.C. § 846 is not a controlled substance offense and therefore not a proper predicate for a career-offender enhancement under the Guidelines. See [D.E. 177] 7–9. But Fernandez suggests that, when a later judicial decision or guideline amendment would alter a rule of decision that applied when the court sentenced a defendant, the proper vehicle to correct the sentence is a motion under section 2255, not a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See 146 S. Ct. at 1303–07; see also Davis, 99 F.4th at 656 ("[O]nce a career[-]offender status is imposed, it cannot be retroactively altered."). Notably, in Fernandez, the Supreme Court rejected the defendant's argument that "the ability to bring a merits-based challenge under [section] 3582 mitigates the error and the unfairness of the prisoner's not having been able to bring it under [section] 2255." Id. at 1302 (cleaned up). This principle applies when a defendant, like Jones, asserts that a later judicial decision or guideline amendment would likely result in a shorter sentence if the defendant were sentenced today, because section 2255(f)'s "tight procedural constraints" generally would prohibit such a claim from being brought under 28 U.S.C. § 2255 if the later judicial decision occurred more than a year after the conviction became final. Id. at 1300; see id. at 1303 ("A reason is not 'compelling' if Congress has channeled it through the postconviction statutes."); 28 U.S.C. § 2255(f)(1)–(4).[2] In Fernandez, the Supreme Court also explained that the compassionate release statute's "focus on granting mercy rather than righting legal wrongs," and the Bureau of Prison's "institutional expertise" concerning "the daily lives of prisoners" and not "evaluat[ing] legal arguments" supported its conclusion that doubt about a defendant's conviction is not an extraordinary and compelling reason for compassionate release. 146 S. Ct. at 1303–05.

---

[2] The Fourth Circuit decided Norman over two years after the court sentenced Jones, and after Jones's judgment was final.

In any event, the alleged disparity between the sentence Jones received in 2017 and the sentence Jones believes he would receive if he were sentenced today is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). See Rutherford, 146 S. Ct. at 1330 (characterizing such disparities as "unexceptional feature[s] of a system in which nonretroactivity is the default"); cf. United States v. Johnson, __ S. Ct. __, 2026 WL 1640930, at *1 (2026) (vacating and remanding, in light of Rutherford and Fernandez, United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), which held that a district court could consider the disparity between a defendant's sentence and the sentences of his codefendants who pleaded guilty and cooperated under the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5)). In Rutherford, the Supreme Court held that before examining the section 3553(a) factors in connection with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer extraordinary and compelling reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id. Thus, the court denies Jones's motion for compassionate release.

Alternatively, even if Jones demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Jones's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Jones is 47 years old and is incarcerated for conspiracy to distribute and possess with the intent to

distribute a quantity of heroin and possession of a firearm in furtherance of a drug trafficking crime. See PSR ¶¶ 1, 2, 4–10. Jones is an unrepentant armed drug dealer. See id. ¶¶ 5–10, 18, 22, 24–26. Jones managed his latest drug trafficking operation by directing at least two others to sell drugs on his behalf. See id. ¶ 5. On seven other occasions, Jones sold a confidential informant the heroin himself. See id. Jones also possessed a firearm in furtherance of his drug trafficking and admitted to trading heroin for a firearm approximately two weeks before his arrest. See id. ¶ 8. Jones also obstructed justice by engaging law enforcement in a dangerous high-speed chase and throwing contraband out of his vehicle during that chase. See id. ¶¶ 7–8, 57.

Jones is a recidivist's recidivist. See id. ¶¶ 13–27. Before his latest federal conviction, Jones had convictions for possession of marijuana, possession of cocaine (two counts), possession with intent to sell and deliver marijuana, maintaining a vehicle, dwelling, or place for a controlled substance, and selling cocaine (three counts). See id. ¶¶ 15–16, 18, 22–26. Jones also has convictions for larceny (two counts), possession of stolen goods or property, driving while license revoked (two counts), and fictitious information to an officer. See id. ¶¶ 14, 17, 19–21. Despite repeated leniency, Jones escalated his criminality. Jones also has multiple probation violations and a spotty work history. See id. ¶¶ 16–17, 22–23, 44–48.

Jones has a mixed record while federally incarcerated. Jones has participated in various educational courses and vocational programs, including crochet, introduction to hobbycraft, legal research, and woodworking. See [D.E. 177-4] 1–2. Jones also completed his GED, held work assignments, and participated in UNICOR. See id.; [D.E. 177-11] 1–2.; [D.E. 177-14] 1–2. Jones completed the Threshold program and has participated in the Crossroads program. See [D.E. 177-12] 4; [D.E. 177-4] 2. And S. Godinez, Jones's correctional counselor at FMC Devens, attested to Jones's performance working in FMC Devens's mental dementia unit. See [D.E. 177-15] 1.

Jones, however, incurred an infraction in 2024 for possessing gambling paraphernalia and incurred infractions in 2018 for possessing a cell phone and for interfering with taking count. See [D.E. 177] 13; [D.E. 177-13] 1. The court considers possessing a cellphone in prison to be serious misconduct. Cf. United States v. Melton, 761 F. App'x 171, 172–78 (4th Cir. 2019) (per curiam) (unpublished).

The court has considered the entire record, Jones's rehabilitative efforts, Jones's age, Jones's medical conditions and release plan, the exhibits to Jones's reply brief, the section 3553(a) factors, Jones's arguments, and the United States' response. The court also has considered the need to punish Jones for his relentlessly appalling criminal behavior, to incapacitate Jones, to promote respect for the law, to deter others, and to protect society from Jones. Given the entire record, the court denies Jones's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court GRANTS defendant's motion for reconsideration [D.E. 180] and

DENIES defendant's motion for compassionate release [D.E. 171].

SO ORDERED. This 5 day of August, 2026.

JAMES C. DEVER III
United States District Judge